# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VIRLEY FERGUSON,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0478**  (BOR Appeal No. 2051056)
(Claim No. 2015011830)

**CABELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Virley Ferguson, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Cabell County Board of Education, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 3, 2016, in which the Board affirmed a January 21, 2016, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 2, 2015, decision closing Ms. Ferguson's claim for workers' compensation benefits on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ferguson injured her lower back on October 6, 2014, while lifting a box and her claim for workers' compensation benefits was subsequently held compensable for a lumbar sprain/strain. Following the injury, she received temporary total disability benefits. She also underwent a course of physical therapy. On October 28, 2014, a lumbar spine MRI was performed and revealed mild degenerative disc space narrowing at L4-5 with minimal anterior degenerative listhesis associated with facet joint osteoarthrosis.

1

On January 5, 2015, Syam Stoll, M.D., Ms. Ferguson's treating physician, examined her amid continued complaints of lumbar pain. Dr. Stoll opined that his physical examination and review of diagnostic imaging did not reveal any acute findings. He also noted that the treatment which Ms. Ferguson has received to date has extended well beyond the treatment guidelines for the compensable lumbar sprain contained within West Virginia Code of State Rules § 85-20 (2006). He then recommended that Ms. Ferguson return to work at modified duty. On January 13, 2015, Ms. Ferguson was released to return to work.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 18, 2015, and authored a report memorializing his findings on February 19, 2015. Dr. Mukkamala noted that Ms. Ferguson complained of radiating lower back pain. He then opined that she has reached maximum medical improvement with respect to the compensable lumbar sprain. An EMG performed on February 26, 2015, confirmed the presence of bilateral lumbar radiculopathy.

On March 2, 2015, the claims administrator closed Ms. Ferguson's claim on a temporary total disability basis. In its Order affirming the March 2, 2015, claims administrator's decision, the Office of Judges held that the claims administrator properly closed the claim for temporary total disability benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 3, 2016.

West Virginia Code § 23-4-7a (2005), provides that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As was noted by the Office of Judges, Ms. Ferguson was released to return to work by her treating physician on January 13, 2015, and Dr. Mukkamala found that she had reached maximum medical improvement on February 18, 2015. Therefore, pursuant to the provisions of West Virginia Code § 23-4-7a, Ms. Ferguson is no longer eligible to receive temporary total disability benefits and the claims administrator properly closed the claim on a temporary total disability basis in its March 2, 2015, decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker